**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 11-20130-CR-GRAHAM/GOODMAN**

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

YAMILI RIVERO HERNANDEZ,

    Defendant.
_____/

## **ORDER**

This matter is before the Court on an order of reference from U.S. District Judge Donald L. Graham (DE 59) of Defendant Yamili Rivero-Hernandez's motion for disbursement of bond (DE 55) and the government's own motion to apply the bond proceeds to restitution (DE 56). The Court carefully reviewed the motions and the record and is otherwise duly advised.

After she was indicted for health care fraud, Rivero-Hernandez was released on a stipulated $75,000.00 bond with a ten percent personal surety. Rivero-Herndadez's husband, Gerar De La Cruz, posted the ten percent premium ($7,500.00) with proceeds from a joint banking account. Rivero-Hernandez now moves for the Court to order the exoneration of her bond plus any accrued interest. The government opposes the motion and moves for the bond premium to be applied against the more than $200,000.00 in restitution that Rivero-Hernandez owes to the victims of her fraud.

The parties agree that 28 U.S.C. § 2044 governs this dispute:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment,

fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.

Rivero-Hernandez argues that her husband is a third party surety and the deposited funds are therefore exempt from the first sentence of the statute. The government argues that the bond premium was paid with money *belonging to* Rivero-Hernandez and can therefore be used to satisfy her restitution obligation.

The Court agrees with the government's position. The critical language in § 2044 is "belonging to and deposited by or on behalf of the defendant." If these two criteria are met, then the court is required to order that the money be paid over to the government.

Rivero-Hernandez does not dispute that the money her husband paid was drawn from a *joint* bank account. In Florida, "[f]unds contributed to a joint bank account by one of the owners of the account are presumed to be a gift to the other owners of the account absent clear and convincing evidence to the contrary. Further, the interests of all joint owners in the funds survive their transfer from the account by one of the owners." *De Soto v. Guardianship of De Soto*, 664 So. 2d 66, 67 (Fla. 3d DCA 1995). Accordingly, the money posted for bond belonged to and was deposited on behalf of Rivero-Hernandez. Rivero-Hernandez's husband is not a third party surety because the money belonged as much to Rivero-Hernandez as to him.[1]

---

[1] The government also cites Florida's statute for equitable distribution of marital assets for the proposition that assets acquired during the marriage are considered marital property. *See* Fla. Sta. § 61.075(6). This statute by its terms applies to distribute assets as between husband and wife in a proceeding for dissolution of marriage and does not appear to contemplate allocating assets of husband and wife as against third parties. Had Rivero-Hernandez's husband posted her bond premium out of his own account, the Court would have analyzed this motion differently.

In both of the cases cited by Rivero-Hernandez to support her position, the defendant had no legal ownership over the deposited funds. *See United States v. Sparger*, 79 F. Supp. 2d 714 (W.D. Tex. 1999) (bonds posted by defendant's attorney out of his own funds); *United States v. Equere*, 916 F. Supp. 450 (E.D. Pa. 1996) (bail posted by defendant's brother).

Accordingly, Rivero-Hernandez's motion to disperse bond proceeds is **denied** and the government's motion to apply bond proceeds to restitution is **granted**. The funds held on deposit, originally posted as a premium on Rivero-Hernandez's bond, shall be paid over to the United States Attorney, along with any accrued interest, to be applied to the restitution imposed on the defendant.

**DONE AND ORDERED** at Miami, Florida, this 15th day of November, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Donald L. Graham
All Counsel of Record